```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. CR-05-0020 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| | : | |
| JEANETTE SCOTT | : | |
| | : | |
| | : | |

This matter is before the Court on Jeanette Scott's motion to run her supervised release violation sentence concurrently with the unserved sentence imposed in 06-CR-98 (doc. 34) and the United States' Response in Opposition thereto (doc. 35).

On June 17, 2009, on remand from the Sixth Circuit Court of Appeals, the Court re-sentenced Ms. Scott on a revocation of supervised release to 24 months of imprisonment on Counts 2-4 and 24 months on Count 1, to be served concurrent to each other but consecutive to the 80-month federal sentence Ms. Scott had been given pursuant to the conviction in 06-CR-98 (doc. 31). On June 18, 2009, the Court entered its final judgment and conviction in this case (doc. 32). Ms. Scott now urges the Court to run her 24-month sentence concurrent to her 80-month sentence because such a concurrent sentence would allow her to be released from federal custody sooner, which would permit her to seek custody of her granddaughter, whose mother is awaiting trial for the murder of Ms. Scott's son (doc. 34).

Unfortunately, the Court has no power to give Ms. Scott the relief she seeks. After the entry of a final judgment, a district court may only alter a sentence under two circumstances. Under Federal Rule of Criminal Procedure 35, a court may correct an error that resulted from arithmetical, technical or other clear error, or a court may reduce a sentence upon the government's motion, if, after sentencing, the defendant provided substantial assistance to the government. Fed. R. Crim. P. 35(a), (b).

Here, the government asserts that neither section of Rule 35 is applicable because Ms. Scott did not assert clear error of the sentence within the time limits set forth in the statute, and she has not provided substantial assistance to the government (doc. 35). As such, the government requests that the Court deny Ms. Scott's motion (Id.).

Having reviewed this matter, the Court finds the government's position well-taken and agrees that Rule 35 offers no avenue for relief for Ms. Scott. The 14-day time frame for seeking relief from clear error passed long ago, and the government has not filed a motion asking for her sentence to be reduced because of substantial assistance. Accordingly, this Court DENIES Ms. Scott's motion to run her sentences concurrently (doc. 34).
SO ORDERED.

Dated: December 7, 2010        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge